**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GENE ALEL WOODS, JR. | : | |
| | : | |
| Appellant | : | No. 9 MDA 2019 |

Appeal from the Judgment of Sentence Entered November 29, 2018
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004652-2016

BEFORE:   PANELLA, P.J., SHOGAN, J., and PELLEGRINI*, J.

MEMORANDUM BY SHOGAN, J.: **FILED SEPTEMBER 24, 2019**

Appellant, Gene Alel Woods, Jr., appeals from the judgment of sentence entered on November 29, 2018, in the Berks County Court of Common Pleas following the revocation of his probation. Appellant's counsel has filed a petition to withdraw representation and a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition to withdraw. Following our review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

_____
*   Retired Senior Judge assigned to the Superior Court.

On December 13, 2016, Appellant entered a negotiated guilty plea to one count of disorderly conduct[1] at Berks County Court of Common Pleas Docket Number CP-06-CR-0004652-2016 ("Docket 4652 of 2016"), and he was sentenced to one year of probation.  On April 29, 2017, Reading Police Officer Adam L. Babbitt filed a complaint and affidavit charging Appellant with several violations of the Pennsylvania Crimes Code, docketed at Berks County Court of Common Pleas Docket Number CP-06-CR-2446 of 2017 ("Docket 2446 of 2017").  On that docket, Appellant pled guilty to count one, aggravated assault; count four, resisting arrest; and count five, false identification to a law enforcement officer.[2]  He was sentenced to an aggregate term of imprisonment of twenty-one to forty-two months of imprisonment for counts one and four, followed by one year of probation for count five.

Thereafter, at Docket 4652 of 2016, the Berks County Office of Adult Probation and Parole alleged Appellant violated his probation by failure to report as directed, failure to notify change of address, having a new arrest, and failure to comply with chemical testing.  At the **Gagnon II**[3] hearing, Appellant admitted the probation violations.  N.T., 11/29/18, at 2.  The court revoked Appellant's probation, and in keeping with the recommendation of the

---

[1]  18 Pa.C.S. § 5503(a)(1).

[2]  18 Pa.C.S. §§ 2702(a)(3), 5104, and 4914(a), respectively.

[3]  **Gagnon v. Scarpelli**, 411 U.S. 778 (1973) ("**Gagnon II**").

Berks County Office of Adult Probation and Parole, imposed a sentence of special probation for one year at Docket 4652 of 2016, consecutive to the sentence at count five of Docket 2446 of 2017. Order, 11/29/18.

Appellant filed a *pro se* post-sentence motion on December 10, 2018, which the trial court denied the next day, and a timely, counseled notice of appeal. The trial court thereafter permitted counsel to withdraw and appointed conflict counsel. Conflict counsel then advised that he would be filing a petition to withdraw pursuant to **Anders** and **Santiago**. In its Statement in Lieu of Opinion, the trial court submits that it conducted an independent review of the record, and it "concurs with counsel's determination that no meritorious issues exist for direct appeal." Statement in Lieu of Opinion, 2/21/19, at 1.

Before we address any question raised on appeal, we must resolve appellate counsel's request to withdraw. **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Id.** at 1032 (citation omitted).

In addition, our Supreme Court, in **Santiago**, 978 A.2d 349, stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel has complied with the requirements for withdrawal outlined in **Anders**. Specifically, counsel requested to withdraw based upon his determination that the appeal is wholly frivolous. Petition to Withdraw as Counsel, 4/16/19, at ¶ 5. Additionally, counsel sent a letter to Appellant, and he attached a copy of the letter to his motion.[4] Counsel informed Appellant that he has filed a motion to withdraw and an **Anders** brief, and he apprised

---

[4] Counsel's initial letter to Appellant dated April 16, 2019, misinformed Appellant regarding **when** he could proceed *pro se* or with new counsel. Counsel's subsequent clarification to Appellant pursuant to our order of April 23, 2019, again failed to inform Appellant of his right to immediately proceed. **See Commonwealth v. Muzzy**, 141 A.3d 509 (Pa. Super. 2016) (clarifying that counsel's letter to client shall inform client that upon counsel's filing of petition to withdraw, client has immediate right to proceed in appeal *pro se* or by privately retained counsel). Following our subsequent order filed June 27, 2019, counsel successfully informed Appellant by letter dated July 8, 2019, of Appellant's immediate right to proceed *pro se* or with privately retained counsel. Appellant has not responded to counsel's application to withdraw.

Appellant of his rights in light of the motion to withdraw as counsel. Thus, Appellant's appellate counsel satisfied the requirements of *Anders*.

We now examine whether the brief satisfies the Supreme Court's dictates in *Santiago*, which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361; *Cartrette*, 83 A.3d at 1032.

Counsel's brief is sufficiently compliant with *Santiago*. It sets forth the history of this case, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit. *Anders* Brief at 5–8. Further, the brief advances counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. *Id.* at 9–11. Accordingly, we proceed to examine the issue counsel identified in the *Anders* brief, and then we conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa. Super. 2018) (*en banc*).

Counsel for Appellant has indicated that after review of the certified record, there are no meritorious issues. *Anders* Brief at 8. However, counsel set forth one possible issue on Appellant's behalf:

A. Did not the lower court abuse its sentencing discretion by ordering Appellant to be placed on one year of probation consecutive to another of Appellant's cases following an informal Gagnon II hearing where Appellant admitted a technical violation of probation, namely: a new conviction?

*Anders* Brief at 5.

Appellant's issue presents a challenge to the discretionary aspects of his sentence, and it is well settled that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). When an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citing *Commonwealth v. Evans*, 901 A.2d 528 (Pa. Super. 2006)):

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 708; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id*. at 170. Whether a particular issue constitutes a substantial question about the appropriateness of a sentence is a question to be evaluated on a case-by-case basis. ***Commonwealth v. Kenner***, 784 A.2d 808, 811 (Pa. Super. 2001).

Appellant filed a timely appeal and preserved the issue in his post-sentence motion. Appellant has not included a statement raising this issue in his brief pursuant to Rule 2119(f). However:

> [i]n the non-*Anders* context, the defendant must "preserve the issue in a court-ordered Pa.R.A.P. 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement." *Id*. Where counsel files an *Anders* brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. ***See Commonwealth v. Wilson***, 396 Pa. Super. 296, 578 A.2d 523 (1990); ***see also Commonwealth v. Lilley***, 978 A.2d 995 (Pa. Super. 2009). Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous.

***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015); ***see also Commonwealth v. Bynum-Hamilton***, 135 A.3d 179 (Pa. Super 2016) (the appellant's failure to file a separate Rule 2119 statement where counsel has sought to withdraw does not preclude review of whether the appellant's issue is frivolous). Thus, we consider whether Appellant has raised a substantial question.

"[A]n appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code." ***Zeigler***, 112 A.3d at 661 (quoting ***Cartrette***, 83 A.3d at 1042). When considering the merits of a discretionary-aspects-of-sentencing

claim, we analyze the sentencing court's decision under an abuse-of-discretion standard. **Commonwealth v. Dodge**, 77 A.3d 1263, 1274 (Pa. Super. 2013).[5]

Appellant asserts that the trial court abused its discretion in imposing a sentence of probation consecutive, rather than concurrent to the sentence at count five of Docket 2446 of 2017. This claim does not raise a substantial question. We have stated:

> A court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. **Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010), *appeal denied*, 609 Pa. 685, 14 A.3d 825 (2011). Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only "the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." **Commonwealth v. Lamonda**, 52 A.3d 365, 372 (Pa. Super. 2012), *appeal denied*, 621 Pa. 677, 75 A.3d 1281 (2013).

**Commonwealth v. Caldwell**, 117 A.3d 763, 769 (Pa. Super. 2015) (*en banc*).

Even if Appellant raised a substantial question, the issue is not meritorious. The record reveals that Appellant's guilty plea in 2016 to 18 Pa.C.S. § 5503, graded as a third degree misdemeanor, carried a statutory maximum penalty of twelve months of imprisonment. The offense gravity

---

[5] We recognize that the sentencing guidelines do not apply to a revocation sentence. 204 Pa. Code § 303.1(b); **Commonwealth v. Pasture**, 107 A.3d 21, 27 (Pa. 2014).

score was one, and Appellant's prior record score was five, Guideline Sentence Form, 1/27/17, and the standard range minimum was RS−6 ± 3. 204 Pa. Code § 303.16(a). Thus, the trial court's original sentence following Appellant's guilty plea to disorderly conduct of one year of probation was in the mitigated range and therefore, lenient.

Upon revocation of probation due to his conviction for aggravated assault, resisting arrest, and false identification to law enforcement at Docket 2446 of 2017, Appellant's revocation sentence of one year consecutive probation does not remotely approach "clearly unreasonable," as asserted by the Commonwealth. Commonwealth's Brief at 7. Appellant admitted that he failed to adhere to the conditions of probation originally imposed upon him, and the trial court, upon revocation of the probation, imposed a sentence of probation once again, made consecutive to the sentence of Appellant's new crime. N.T., 11/29/18, at 2, 4. There was no abuse of discretion by the trial court. *Pasture*, 107 A.3d at 28 ("We emphasize a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation sentence where the defendant received a lenient sentence and then failed to adhere to the conditions imposed on him.").

Finally, we have independently reviewed the record in order to determine if counsel's assessment about the frivolous nature of the present appeal is correct. *Yorgey*, 188 A.3d at 1195. After review of the issue raised

by counsel[6] and our independent review of the record, we conclude that an appeal in this matter is frivolous.[7] Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/24/2019

---

[6] To the extent Appellant asserts in the body of his brief that prior counsel was ineffective, **Anders** Brief at 10, Appellant acknowledges that claims of ineffective assistance of counsel are to be deferred to PCRA review. **Id.**; **Commonwealth v. Grant**, 813 A.2d 726 (Pa. 2002).

[7] When reviewing the outcome of a revocation proceeding, this Court is limited to determining the validity of the proceeding, the legality of the judgment of sentence imposed after probation revocation, and the discretionary aspects of sentencing. **Cartrette**, 83 A.3d at 1035–1037.